UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAVID M. BURKS-BEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-095 PS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

David M. Burks-Bey pled guilty to Possession of Cocaine in the Tippecanoe Superior Court, but then changed his mind and attempted to withdraw his plea because he thought that he had been denied a speedy trial. In this habeas corpus petition, he says there are four grounds for relief. But then in his traverse, he lists five grounds. When one really digs into the mater, there are really only two issues in this case. First, is whether Burks-Bey was denied the right to a speedy trial. And second is whether he should have been permitted to withdraw his guilty plea. Though listed separately, the other "grounds" for relief are really just arguments in support of those two arguments. I will address each of his arguments in turn and explain why neither of them constitute a basis for habeas corpus relief.

### Denial of a Speedy Trial

Burks-Bey argues that he was denied a speedy trial. The respondent argues that this claim is procedurally defaulted because the Court of Appeals of Indiana found that it was waived when Burks-Bey pled guilty. The respondent is correct.

> A federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment. The state-law ground may

>  be a substantive rule dispositive of the case, or a procedural barrier to
>  adjudication of the claim on the merits.

*Walker v. Martin*, 562 U.S. __, __; 131 S. Ct. 1120, 1127; 179 L. Ed. 2d 62, 70-71 (2011) (quotation marks, brackets, and citations omitted). Here, the state court rejected Burks-Bey's speedy trial arguments for an adequate and independent procedural reason[1] when it held that "the State's waiver argument is certainly valid, *see Branham v. State*, 813 N.E. 2d 809 (Ind. Ct. App. 2004) . . .." *Burks-Bey v. State*, 79A02-0708-CR-741, slip at 7 (Ind. Ct. App. 2008), ECF 20-6 at 8. Thus the speedy trial claim is procedurally defaulted and I cannot review it. This is true even though the state court went on to discuss the merits of his speedy trial claim (and found it wanting), because "a state court need not fear reaching the merits of a federal claim in an *alternative* holding." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (emphasis in original).

Nevertheless, a habeas petitioner can overcome a procedural default by showing cause and prejudice or by establishing that the court's refusal to consider a defaulted claim on the merits would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). Though Burks-Bey does not explicitly present any cause and prejudice arguments, I will

---

[1] Procedural default occurs either when (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). In his traverse, Burks-Bey addresses only the second basis for procedural default by arguing that he fairly presented his claims in his briefs to the state courts. But that is not at issue here. Here the speedy trial claim is procedurally defaulted because he pled guilty, and that is an adequate and independent basis for Indiana to have found that he waived this claim even though he clearly presented it in his briefs to the state courts.

>  A defendant cannot question pre-trial orders after a guilty plea is entered. *See Ford v. State*, 618 N.E.2d 36, 38 (Ind Ct. App. 1993). Ind. Code § 35-35-1-2(a)(2)(A) provides in part that a trial court shall not accept a guilty plea without first determining that the defendant has been informed that by his plea he waives his rights to a public and speedy trial by jury. Furthermore, our supreme court has stated that the right to have a trial expeditiously cannot exist or be enforced apart from the right to trial, and any claim of a denial thereof is waived upon a plea of guilty. *See Wright v. State*, 496 N.E.2d 60, 61 (Ind. 1986); *Gosnell v. State*, 439 N.E.2d 1153, 1155 (Ind. 1982).

*Branham v. State*, 813 N.E.2d 809, 811 (Ind. Ct. App. 2004).

construe the arguments he presents in his three speedy trial grounds as such. In ground one, Burks-Bey argues that he was denied the ability to file his speedy trial request when he wanted to because the jail refused him postage, stationary, envelopes, and legal research. In ground two, Burks-Bey makes an odd argument based on the Uniform Commercial Code.  Finally, in ground three, Burks-Bey argues that his speedy trial request was timely filed pursuant to the Mailbox Rule of *Houston v. Lack*, 487 U.S. 266 (1988).

      The arguments he raises in grounds one and three are focused on the timing of his speedy trial demand. But the timing of his demand is not the reason this claim was defaulted. The claim was defaulted because he pled guilty and waived his right to a trial – speedy or otherwise. Thus the timing of his speedy trial demand is not relevant here. Even if he had unquestionably filed a timely speedy trial request and even if the State of Indiana clearly denied him a speedy trial in violation of the Sixth Amendment, it wouldn't have mattered.  This is because he waived his right to trial when he opted to plead guilty. Therefore his arguments about the timing of his speedy trial demand cannot demonstrate cause and prejudice to excuse the default created when he pled guilty.

      The argument Burks-Bey raises in ground two is that he preserved his speedy trial claim, and the waiver is not applicable, because he wrote "without prejudice, U.C.C. 1-207" under his signature on the plea agreement.  In his traverse he writes: "In *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), the U.S. Supreme Court stated in part: 'From this date forward, all the Courts in the land will be convened under Negotiable Instruments Law.'" ECF 33-1 at 2. Though *Erie* is a real case and that is the correct citation to it, the purported quote is inaccurate and has no validity. A real quote from *Erie* states that "Except in matters governed by the Federal

3

Constitution or by Acts of Congress, the law to be applied in any case is the law of the State." *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). *Erie* was a civil lawsuit brought under the diversity jurisdiction of the federal courts. *Erie* held that in a civil diversity case, a federal court must apply state law. *Erie* has no applicability to this federal habeas corpus case and obviously neither does the Uniform Commercial Code.

At his guilty plea hearing, the judge explained to Burks-Bey, "You have certain constitutional rights that you will be giving up by pleading guilty that I wish to advise you of. You have the right to a public and speedy trial by jury, do you understand this?" Appendix of Appellant at 14. With those words, any mis-informed belief that Burks-Bey may have had about preserving his right to a speedy trial was dispelled. If Burks-Bey had been uncertain whether he could plead guilty and still retain his right to a speedy trial, he could have asked. If he intended to retain his right to a speedy trial, he could have said so. He did neither. Instead, by answering the judge's question with a "Yes, sir," Burks-Bey acknowledged that he understood that when he pled guilty, he was waiving his right to a speedy trial. *Id.* Thereafter the judge confirmed this understanding by asking Burks-Bey, "Do you understand by pleading guilty you'll give up all the rights I just explained?" *Id.* at 15. Again, Burks-Bey answered, "Yes, sir." *Id.* Finally the judge asked him, "Do you still want to plead guilty?" *Id.* at 20. Again, Burks-Bey answered, "Yes, sir." *Id.* Thus, writing "without prejudice, U.C.C. 1-207" under his signature on the plea agreement is not cause to excuse the procedural default that occurred when he pled guilty.

Finally, in his traverse, Burks-Bey argues that it would be a fundamental miscarriage of justice if the court does not consider his speedy trial claim. To meet this exception, he must establish that "a constitutional error has resulted in the conviction of one who is actually

innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "To obtain relief, [Burks-Bey] must support the innocence claim with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Morales v. Johnson*, 659 F.3d 588, 605 (7th Cir. 2011) (quotation marks and citations omitted). Then he "must show that in light of new evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *Id.* Burks-Buy has done none of these things.  During his guilty plea hearing, Burks-Bey testified that he possessed cocaine on August 25, 2006, in the 800 block of Main Street within one thousand feet of a church school and day care center. Appendix of Appellant at 21-23. Because he has not presented any new evidence demonstrating that his own testimony was false and that he did not in fact possess cocaine, Burks-Bey has not overcome the procedural default of his speedy trial claim.

## Denial of Withdrawal of Guilty Plea

Burks-Bey argues that he should have been permitted to withdraw his guilty plea because he had a right to a speedy trial.  To succeed on a habeas corpus petition, here is what the statute says Burks-Bey must show:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

28 U.S.C. § 2254(d). "In order for a federal court to find a state court's application of [United States Supreme Court] precedent 'unreasonable,' the state court's decision must have been more

than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510, 520-521 (2003) (citations omitted).

In *Boykin v. Alabama*, 395 U.S. 238, 243 (1969), the Supreme Court clearly established that a guilty plea is not valid unless the record demonstrates that the accused voluntarily waived his right against self-incrimination, his right to trial by jury, and his right to confront his accusers. *See also Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) ("A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences. Where a defendant pleads guilty to a crime without having been informed of the crime's elements, this standard is not met and the plea is invalid.") (quotation marks and citation omitted).

Here, Burks-Bey is not (and cannot) argue that he was unaware of his constitutional rights or of the nature of the charges against him. The transcript of the guilty plea hearing makes clear that the court advised him of his rights and the charges against him. *See* Appendix of Appellant at 13-23. Nor is Burks-Bey arguing that when he pled guilty that he was unaware of either the law or the facts of his speedy trial concerns. To the contrary, Burks-Bey argues that he filed or attempted to file several speedy trial related documents *before* he pled guilty. ECF 33 at 32 and Appendix of Appellant at 29-34. As such, Burks-Bey's arguments about why he should have been permitted to withdraw his guilty plea do not fit within the reasons set forth by the United States Supreme Court for finding that a guilty plea is invalid. Burks-Bey's argument is that he should be able to withdraw his guilty plea because he had a right that he waived, but now wants to assert. There is no clearly established supreme court law requiring such an outcome when a defendant has second thoughts about a properly taken plea of guilty. Thus, it was not

unreasonable for the state courts to have denied Burks-Bey leave to withdraw his plea. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented, let alone one in Van Patten's favor, it cannot be said that the state court unreasonably applied clearly established Federal law.") (quotation marks, brackets, and citation omitted).

In his traverse, Burks-Bey argues that he pled guilty under duress because he was denied access to an appropriate jail law library and would have therefore been unprepared to go to trial. In his habeas corpus petition, Burks-Bey did not mention duress as a reason that his guilty plea was infirm as required by Rule 2(c)(1) of the Rules Governing Section 2254 Cases. Neither did he mention duress in his brief to the Court of Appeals of Indiana. *See* ECF 20-4. Rather, he only argued that his guilty plea was invalid because he had written "without prejudice, U.C.C. 1-207" under his signature on the plea agreement. As I have already explained, the Uniform Commercial Code is not applicable to this case. Furthermore, this record contains no evidence that his guilty plea was motivated by duress. Moreover, this argument is wholly inconsistent with the statements he made during his guilty plea hearing.[2]

What Burks-Bey is really doing is attempting to undo the plea agreement because he changed his mind after he pled guilty. "But a plea's validity may not be collaterally attacked

---

[2] During the guilty plea hearing, the following exchanged occurred:

**BY THE COURT**: Has anyone forced or threatened to put you or anyone else in fear to get you to plead guilty.
**BY MR. BURKS-BEY**: No, sir.
**BY THE COURT**: Do you feel that the plea of guilty you're offering now is your own free choice and decision?
**BY MR. BURKS-BEY**: Yes, sir.
**BY THE COURT**: Do you still want to plead guilty?
**BY MR. BURKS-BEY**: Yes, sir.

Appendix of Appellant at 20.

merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw*, 545 U.S. at 186. Burks-Bey cannot obtain habeas corpus relief merely because he changed his mind. *See United States v. Timmreck*, 441 U.S. 780, 784 (1979) ("For the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.").

## Certificate of Appealability

Pursuant to the Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing that reasonable jurists could debate whether an issue should have been resolved in a different manner or that an issue was adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court dismisses an issue for a procedural reason, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling and whether the issue states a valid claim for denial of a constitutional right. *Id.* Because there has been no such showing here, I will not grant Burks-Bey a certificate of appealability.

## Conclusion

For the forgoing reasons, the habeas corpus petition is **DENIED** and a certificate of appealability is **DENIED**.

**SO ORDERED.**

ENTERED: March 6, 2012

               s/ Philip P. Simon
               PHILIP P. SIMON, CHIEF JUDGE
               UNITED STATES DISTRICT COURT